

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# USA v. Brown

Precedential or Non-Precedential:

Docket 1-1924

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Brown" (2002). *2002 Decisions.* Paper 54.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/54

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1924


UNITED STATES OF AMERICA

v.

STEVEN BROWN,

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 95-92-03)
District Court Judge:  Clarence C. Newcomer


Submitted Under Third Circuit LAR 34.1(a)
January 17, 2002

Before: ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District Judge.

(Opinion Filed: January 29, 2002)


MEMORANDUM OPINION OF THE COURT


PER CURIAM:

Because we write for the benefit of the parties, the background of the appeal is not set out.

We reject defendant's argument that he was entitled to a downward

departure.  Under Federal Rule of Criminal Procedure 35(b), a district court "may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guideline and policy statements issued by the Sentencing Commissions under 28 U.S.C.  994."  The record is clear that the District Court gave due consideration to the assistance provided by the defendant, determined that he did not provide substantial assistance as required by Rule 35(b), and exercised its discretion to sentence the defendant within the appropriate range provided by the Sentencing Guidelines.

This Court lacks jurisdiction to review a district court's discretionary refusal to depart downward.  See, e.g., United States v. McBroom, 124 F.3d 533, 541 n. 9 (3d Cir. 1997); United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994).  Accordingly, appellate jurisdiction is lacking, and we dismiss defendant's appeal.